UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THERESA DUFFEY, individually,
and on behalf of all others similarly
situated,

      Plaintiff,

v.                          Case No.:  2:20-cv-501-JES-MRM

SURFSIDE COFFEE COMPANY,
LLC,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Judicial Approval of the Parties' Settlement Agreement, and for Dismissal with Prejudice.  (Doc. 34). Plaintiff Theresa Duffey and Defendant Surfside Coffee Company, LLC request that the Court approve the parties' settlement, dismiss the case with prejudice, and retain jurisdiction to enforce the agreement.  (*Id*. at 2).  After careful review of the parties' submission and the record, the Undersigned respectfully recommends that the joint motion (Doc. 34) be **DENIED without prejudice.**

### BACKGROUND

Plaintiff filed a one-count Complaint in this matter on July 15, 2020, against Defendants Surfside Coffee Company, LLC and Christopher Mellgren.  (Doc. 1).[1]

---

[1]  The Undersigned notes that although Plaintiff brought her Complaint on behalf of herself and others similarly situated, (*see* Doc. 1), there have been no opt-in plaintiffs

Specifically, Plaintiff asserts a claim for violation of the Fair Labor Standards Act ("FLSA") alleging that Defendants improperly classified her as exempt from overtime compensation eligibility and failed to properly compensate her for all hours worked in excess of forty hours per week.  (*Id*. at 5-7).  Plaintiff, however, does not allege a specific sum of damages for her claim.  On August 19, 2020, Defendants filed an Answer, expressly denying Plaintiff's allegations and asserting twenty-five affirmative defenses.  (*See generally* Doc. 6).

On March 9, 2021, Plaintiff filed a Notice of Voluntary Dismissal with Prejudice for Christopher Mellgren.  (Doc. 23).  On March 10, 2021, the Court entered an Order dismissing Defendant Christopher Mellgren with prejudice, (Doc. 26), and judgment was entered the next day, (Doc. 27).  On April 1, 2021, Plaintiff and the only remaining Defendant, Surfside Coffee Company, LLC, filed the instant joint motion.  (Doc. 34).

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable [resolution] of a bona fide dispute" of the claims raised.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Lynn's Food Stores*, 679 F.2d at 1352-53.  The first is under 29

whose rights may be affected by or should be considered in the approval of the proposed settlement agreement.

U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Lynn's Food Stores*, 679 F.2d at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Lynn's Food Stores*, 679 F.2d at 1353. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54. The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. Specifically, the Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applying these standards, the Undersigned analyzes the terms of the proposed settlement agreement below.

3

## ANALYSIS

### I.     Bona Fide Dispute

As a threshold matter, the Undersigned finds that a bona fide dispute exists between the parties.  As noted in the joint motion, Plaintiff alleges that she is "owed wages under the [FLSA]," but Defendant "argue[s] that it did not violate the FLSA (or any other wage and hour law, whether statutory, common law or otherwise), that it had a good faith and/or reasonable basis for any violation(s) found, and that it properly paid Plaintiff all wages owed."  (Doc. 34 at 2).  Accordingly, the proper focus is whether the terms of the proposed settlement are fair and reasonable.

The Undersigned addresses the monetary terms, non-cash concessions, and attorney's fees and costs separately below.  Notably, while the Undersigned finds that the joint motion is due to be denied without prejudice based on concerns about the monetary terms and inclusion of a General Release, an Amendment Provision, a No Future Employment Provision, and a Confidentiality and Non-Disparagement Provision, the Undersigned addresses the settlement in its entirety in the event that the presiding United States District Judge disagrees with the Undersigned's analysis of any of the problematic provisions or, in the event the presiding United States District Judge adopts the Undersigned's analysis, for the benefit of the parties.

### II.    Monetary Terms

As indicated above, Plaintiff contends that while employed by Defendant, Plaintiff was misclassified as exempt from the overtime provisions of the FLSA and worked overtime hours for which she was not compensated.  (Doc. 1 at 3-5).

Plaintiff, however, does not allege a specific sum owed to her.  Rather, Plaintiff generally asserts that she is entitled to "an overtime premium for each hour worked in excess of forty (40) per workweek" and "liquidated damages in an amount equal" thereto.  (*See id*. at 5-6).

Nevertheless, the parties' settlement is for a total of $14,500.00, including $5,000.00 "in back wage to Plaintiff," $5,000.00 "in liquidated damages to Plaintiff," and $4,500.00 "in attorneys' fees and costs to Plaintiff's counsel."  (Doc. 34-1 at 5). In support of the reasonableness of the monetary terms of the agreement, the parties assert that they "exchanged information and discussed the possibility of settlement," and "made good faith arguments" to reach a "fair and reasonable resolution."  (Doc. 34 at 2).  Additionally, the parties maintain that the decision to resolve the matter was made "[i]n light of the apparent risk and expense to all parties in continuing with the litigation."  (*Id.* at 4).  Finally, the parties note that "[a]t all times relevant to this action, Plaintiff was represented by counsel and had the benefit of Plaintiff's attorney's counsel and advice."  (*Id.*).

In considering the fairness and reasonableness of the monetary terms, the Undersigned notes that the parties provided no "statement as to the number of hours and amount of lost wages claimed by Plaintiff."  *See Chavez v. BA Pizza, Inc.*, No. 2:18-cv-375-FtM-99MRM, 2018 WL 3151861, at *2 (M.D. Fla. June 12, 2018), *report and recommendation adopted*, No. 2:18-cv-375-FtM-99MRM, 2018 WL 3135944 (M.D. Fla. June 27, 2018).  Without this information, the Court is unable to evaluate whether the proposed monetary terms are a fair and reasonable resolution of the

FLSA dispute despite the parties' conclusory statements that the amounts to be paid are fair and reasonable.  *See Schultz v. Wilson Lighting of Naples, Inc.*, No. 2:20-cv-400-FtM-38MRM, 2021 WL 467188, at *2 (M.D. Fla. Jan. 25, 2021), *report and recommendation adopted*, No. 2:20-cv-400-SPC-MRM, 2021 WL 463815 (M.D. Fla. Feb. 9, 2021) (finding that the Court is unable to evaluate the monetary terms absent a statement of the amount of damages the plaintiff alleged he was owed and a description of the review undertaken to reach proposed amounts).

## III.  Non-Cash Concessions

The proposed settlement agreement contains several non-cash concessions.  A number of jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement and require their own fairness finding.  *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933203 (M.D. Fla. Mar. 20, 2012) (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348 (M.D. Fla. 2010)).

However, other jurists in this District have approved non-cash concessions in FLSA settlement agreements where the concessions were negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties.  *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016

WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014). The Undersigned addresses each of the non-cash concessions made by the parties under the proposed settlement below.

## A.  General Release of Plaintiff's Claims

First, the proposed settlement agreement contains a General Release, which provides, in relevant part, that Defendant is released from:

> [A]ny and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated . . . by Plaintiff against Defendant.

(Doc. 34-1 at 2). The provision further states that the release covers any claim arising under or relating to:

> The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et. seq.*; Article X § 24, Florida Constitution, Florida Minimum Wage Amendment; [t]he Florida Minimum Wage Act ("FMWA"); Florida Statute § 440.205; [t]he Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statues; [t]he Labor Management Relations Act of 1947; the Equal Pay Act of 1963; [t]he Occupational Safety and Health Act of 1970; [t]he Rehabilitation Act of 1973; [t]he Health Maintenance Organization Act of 1973; [t]he Immigration Reform and Control Act of 1986; [t]he Family and Medical Leave Act of 1993 ("FMLA"); Executive Orders 11141, 11246, and 11375; 42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000; [t]he Americans with Disabilities Act ("ADA"), as amended; [t]he Consolidated Omnibus Reconciliation Act ("COBRA"); [t]he Employee Retirement Income Security Act of 1974 ("ERISA"); [and a]ny claims for

damages, injuries, illnesses, workers compensation, or complications now known or that may later be discovered, including all effects and consequences thereof; [t]he Civil Rights Act of 1866, 1871, 1964 (including Title VII of that Act), or 1991; [t]he Internal Revenue Service Code; Chapter 448, Florida Statutes; Chapter 440, Florida Statutes; [t]he Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act of 1990 ("OWBPA"); [a]ny claim for defamation libel or slander; [a]ny federal, state or local laws prohibiting employment discrimination; [a]ny claims arising from alleged harassment, negligence or intentionally tortious conduct by Defendant occurring before, during or after the relationship between Plaintiff and Defendant through the day of this release; [a]nd all other claims under federal, state of local statute or ordinance or common law, including but not limited to those relating to discrimination or retaliation in employment.

(*Id.* at 2-4 (modified to omit enumeration)).

Notably, the General Release is not limited to solely the FLSA, but, rather, broadly written to include any legal claim Plaintiff may have "from the beginning of the world to the date of execution by Plaintiff of this Agreement." (*See id.*).

General releases in FLSA settlement agreements are generally problematic. *See Serbonich v. Pacifica Fort Myers, LLC*, No. 2:17-cv-528-FtM-29MRM, 2018 WL 2440542, at *2 (M.D. Fla. May 29, 2018), *report and recommendation adopted*, No. 2:17-cv-528-FtM-29MRM, 2018 WL 2451845 (M.D. Fla. May 31, 2018). Accordingly, the *Lynn's Food Stores* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including forgone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-cv-1658-Orl-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). As the Court has noted, however,

evaluating unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno*, 729 F. Supp. 2d at 1350-52. Indeed, the Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Shearer*, 2015 WL 2402450, at *3. Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (quoting *Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012)).

Notwithstanding these difficulties, such provisions may be accepted when the Court can determine that such a clause is fair and reasonable under the facts of the case. *See, e.g.*, *Vela v. Sunnygrove Landscape & Irrigation Maintenance, LLC*, No. 2:18-cv-165-FtM-38MRM, 2018 WL 8576382, at *3-4 (M.D. Fla. Oct. 4, 2018), *report and recommendation adopted*, No. 2:18-cv-165-FtM-38MRM, 2018 WL 8576384, at *1 (M.D. Fla. Nov. 7, 2018) (approving such a general release, emphasizing that the parties' briefing specifically explained that "(1) the clauses were specifically bargained for between the parties and (2) the mutual general release was not a condition of their FLSA settlement"); *also Middleton v. Sonic Brands L.L.C.,* No. 6:13-cv-386-Orl-18KRS, 2013 WL 4854767, at *3 (M.D. Fla. 2013) (approving a settlement agreement that included a general release because the plaintiffs received separate consideration); *Bacorn v. Palmer Auto Body & Glass, LLC*, No. 6:11-cv-1683-Orl-28, 2012 WL 6803586, at *2 (M.D. Fla. Dec. 19, 2012), *report and recommendation adopted*, No. 6:11-cv-1683-Orl-28, 2013 WL 85066 (M.D. Fla. Jan. 8, 2013) (approving a settlement agreement that included a general release where the case also

9

involved non-FLSA claims and the employee signed a general release in exchange for a mutual release from employer).

In the case *sub judice*, however, there is no explanation of the negotiation process.  The parties' briefing does not adequately address the fairness of the General Release, stating only that "[t]he agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc.*"  (*See* Doc. 34 at 4).  Moreover, the proposed settlement agreement itself states that the payment of $14,500.00 to Plaintiff constitutes "settlement for all of Plaintiff['s] claims against Defendant . . . and in exchange for a general release." (Doc. 34-1 at 5).  Thus, the agreement explicitly states that the parties negotiated the General Release as part of the settlement of the FLSA claim and nothing in the parties' briefing suggests that additional consideration was exchanged.  (*See* Doc. 34).

In sum, the parties give no indication of what additional consideration was exchanged for Plaintiff's concessions or why that consideration should be deemed fair and reasonable.  It appears, therefore, that this provision potentially inures exclusively to Defendant's benefit.  As a result, the Undersigned cannot recommend that the General Release be approved because there is insufficient evidence before the Undersigned to permit a finding that the concession was made for either separate consideration or to the benefit of all parties.  *See Bell*, 2016 WL 5339706, at *3.

## B.    Amendment Provision

The proposed settlement agreement also contains a provision that grants the parties leave to amend the agreement:  "This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement."  (Doc. 34-1 at 8).  This Court has previously found that an identical provision cannot be approved because it "leaves 'the parties free to circumvent *Lynn's Food [Stores]* review through *post hoc* modifications of an already-approved agreement.'"  *Dexheimer v. Enjoy the City N., Inc.*, No. 6:18-cv-1980-Orl-76EJK, 2020 WL 5822195, at *3 (M.D. Fla. Apr. 13, 2020) (quoting *Dumas v. 1 Amble Realty, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018)).  For this reason, a court cannot approve a settlement agreement "that is not in its final form" and has an "opportunity for amendment."  *See id*. at *3 (internal quotation and citation omitted).

## C.    Waiver of Jury Trial

The proposed settlement agreement also contains a jury trial waiver, in which both Plaintiff and Defendant agree to "expressly waive their right to a trial by jury in the event of any dispute regarding the enforcement or construction of this Agreement."  (Doc. 34-1 at 8).  Notably, parties have a general right to a jury trial on breach of contract claims.  *Stitzel v. New York Life Ins. Co.*, No. 6:07-cv-147-Orl-22DAB, 2010 WL 11508117, at *3 (M.D. Fla. Mar. 25, 2010).  When a party waives a valid right to a jury trial as part of an FLSA settlement agreement, this Court has

found that a plaintiff's waiver of a jury trial does not render an agreement unfair or unreasonable so long as the plaintiff receives adequate consideration. *See, e.g.*, *Lowery v. Auto Club Grp., Inc.*, No. 6:17-cv-359-Orl-40GJK, 2017 WL 3336464, at *4 (M.D. Fla. Aug. 3, 2017) (approving a jury waiver provision when the plaintiff received separate monetary consideration); *Fusic v. King Plastic Corp.*, No. 2:17-cv-390-FtM-38CM, 2018 WL 1725902, at *3 (M.D. Fla. Apr. 3, 2018), *report and recommendation adopted*, No. 2:17-cv-390-FtM-38CM, 2018 WL 1705645 (M.D. Fla. Apr. 9, 2018) (approving a jury waiver provision, finding that the defendant's reciprocal waiver constituted sufficient, independent consideration).

Moreover, the Undersigned notes that a jury trial waiver is nothing more than a non-cash concession, like a general release or a non-disparagement provision.  As noted above, courts have found that when a non-cash concession is reciprocal such that it inures to the benefit of both parties, adequate consideration has been exchanged.  *See, e.g.*, *Bell*, 2016 WL 5339706, at *3 (collecting cases in support of the proposition that courts have upheld non-disparagement clauses when there is a reciprocal neutral reference agreement, inuring to a plaintiff's benefit).

Here, because the waiver is reciprocal, applying to both Plaintiff and Defendant, the Undersigned finds that the mutuality of the waiver serves as adequate, independent consideration to Plaintiff to agree to the non-cash concession. The Undersigned, therefore, finds that the waiver does not render the settlement agreement unfair or unreasonable.

### D.     Resignation and Waiver of Re-instatement/Re-Application ("No Future Employment Provision")

Additionally, the proposed settlement agreement contains a No Future Employment Provision, stating, in relevant part, that "Plaintiff expressly waives any application and/or claim of right to independent contractor or employment status with Defendant, whatsoever, and agrees that she will not now and will not in the future seek employment or independent contractor or consultant status with Defendant." (Doc. 34-1 at 6-7).

A no future employment agreement plainly injures the plaintiff, and where the parties' briefing does not address the issue of additional consideration, courts cannot determine whether their inclusion in a settlement agreement represents "a fair and reasonable resolution of the parties' FLSA dispute." *See Diviney v. Inisron Cafe Inc.*, No. 2:18-cv-236-FtM-38MRM, 2019 WL 5110620, at *2-3 (M.D. Fla. July 2, 2019), *report and recommendation adopted*, No. 2:18-cv-236-FtM-38MRM, 2019 WL 5140307 (M.D. Fla. July 18, 2019).  Nevertheless, the Undersigned has recommended approving such clauses where the facts of the case permit a finding that the provision was exchanged for sufficient consideration.  *See, e.g.*, *Siebert v. Novak Envtl. Servs., LLC.*, No. 2:18-cv-796-FtM-99MRM, 2019 WL 2929545, at *6 (M.D. Fla. July 7, 2019), *report and recommendation adopted*, No. 2:18-cv-796-FtM-38MRM, 2019 WL 2929544, at *1 (M.D. Fla. July 8, 2019) (concluding that the defendant's release of a counterclaim for a breach of the duty of loyalty against plaintiff constituted "sufficient consideration for the Plaintiff's agreement not to accept or seek

employment from the Defendant in the future" when the FLSA claim was part of a broader employment dispute).

Here, however, the parties' briefing does not address whether Plaintiff received any additional consideration in exchange for his agreement to the No Future Employment Provision. Thus, the Court is unable to determine whether including such a provision would be a fair and reasonable resolution of the FLSA claim.

### E.    Confidentiality and Non-Disparagement

Finally, the proposed settlement agreement contains a Confidentiality and Non-Disparagement Provision. (Doc. 34-1 at 9-10). Specifically, the provision states that neither party shall "disclose, communicate, make public or publicize in any manner any problems, issues or concerns he/it perceives that he/it/they may have had with the other party . . . or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the other party." (*Id*. at 9). The provision also provides that the general release and settlement agreement is strictly confidential and does not permit the parties to "disclose, publicize, or discuss any of the terms or conditions of this Agreement with anyone, except their attorney, spouse and/or accountant, or if compelled to testify by a subpoena or Court Order." (*Id*. at 9-10). Furthermore, if either party breaches this provision, the aggrieved party is entitled to "pursue any and all remedies they may have against the breaching party . . . [and] shall owe the aggrieved party liquidated damages" as stipulated in the agreement. (*Id*. at 10).

14

Notably, "Courts within this circuit routinely reject such confidentiality and non-disparagement clauses contained in FLSA settlement agreements because they 'thwart Congress's intent to ensure widespread compliance with the FLSA.'" *Rammaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014)).  The Court has also noted that "[p]rovisions in a FLSA settlement agreement that call for . . . prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. Apr. 19, 2010); *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010)). Furthermore, such provisions are "inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality and non-disparagement clauses." *Rammaraine*, 2016 WL 1376358, at *3, *report and recommendation adopted*, 2016 WL 1305353 (citing *Housen,* 2013 WL 2455958, at *2).

Notwithstanding those concerns, the Court has approved such provisions where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties.  *See Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014)

(approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clause); *Bell*, 2016 WL 5339706, at *3; *Smith*, 2014 WL 5690488, at *4 (citing *Caamal v. Shelter Mortg. Co.*, No. 6:13-cv-706-Orl-36, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013)).

To the extent the Confidentiality and Non-Disparagement provision seeks to preclude either party from disclosing the terms of the settlement agreement, (*see* Doc. 34-1 at 9-10), the Undersigned finds that the provision patently contravenes the FLSA and the Department of Labor's regulatory efforts. *Ramnaraine*, 2016 WL 1376358, at *3, *report and recommendation adopted*, 2016 WL 1305353. Additionally, because the settlement agreement has been filed on the Court's public docket for weeks, confidentiality is non-existent. *See Lavin v. Pierhouse-Ft Myers Beach LTD*, No. 2:18-cv-801-FtM-99MRM, 2019 WL 2178295, at *4 (M.D. Fla. Apr. 30, 2019), *report and recommendation adopted,* No. 2:18-cv-801-FtM-99MRM, 2019 WL 2173831 (M.D. Fla. May 20, 2019). Thus, the Undersigned cannot recommend approval of a settlement agreement that contains a confidentiality provision.

To the extent the Confidentiality and Non-Disparagement Provision seeks to preclude either party from "mak[ing] any statements which might tend to impugn, disparage, defame, discredit or detract from the other party," (*see* Doc. 34-1 at 9), the Undersigned notes that the parties' briefing does not discuss whether the provision was negotiated for separate consideration. Additionally, the parties have not adequately addressed the enforceability of such a provision in light of the First Amendment concerns. *See Housen*, 2013 WL 2455958, at *2. Without more, the

Court is unable to determine whether the non-disparagement provision precludes the settlement from being a fair and reasonable resolution of the parties' FLSA dispute. *See Bell*, 2016 WL 5339706, at *3.

## IV.   Severability Provision

The Undersigned notes that the proposed settlement agreement contains a Severability Provision that provides, in relevant part, that "[s]hould any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement."  (Doc. 34-1 at 8).

Notably, the Court has stricken certain unacceptable or unenforceable provisions of a settlement agreement before approving the settlement agreement.  *See, e.g.*, *Wood v. Surat Invs., LLC*, No. 6:19-cv-1681-Orl-41EJK, 2020 WL 2840565, at *4 (M.D. Fla. May 15, 2020), *report and recommendation adopted*, No. 6:19-cv-1681-Orl-41EJK, 2020 WL 2838861 (M.D. Fla. June 1, 2020) (striking an amendment provision); *Ramnaraine*, 2016 WL 1376358, at *2-3, *report and recommendation adopted*, 2016 WL 1305353 (striking a non-disparagement and confidential provision); *Housen*, 2013 WL 2455958, at *2 (same).  Although the Severability Provision in the proposed settlement agreement would appear to permit this result, the Undersigned recommends against a *sua sponte* revision of the parties' agreement under these circumstances.  The non-cash concessions constitute the bulk of the parties' agreement, and, therefore, any severance would fundamentally and essentially

change the nature of the parties' agreement.  Accordingly, the Undersigned finds it is more prudent to allow the parties an opportunity to explain why these concessions are fair and reasonable and omitting those, like the Amendment Provision, that cannot be included.

## V.      Attorney's Fees and Costs

The proposed settlement agreement specifies that Defendant agrees to pay a total of $4,500.00 for attorney's fees and costs.  (Doc. 34-1 at 5).  The parties represent that the "attorneys' fees and costs were compromised, agreed upon separately and without regard to the amount paid to Plaintiff."  (Doc. 34 at 4). Additionally, the parties assert that the "[a]ttorneys' fees and costs are not a percentage of any recovery in this case, but instead reflect a reduction of the actual attorneys' fees ($10,000.00) and costs ($498.00) incurred."  (*Id.*).

As United States District Judge Gregory A. Presnell explained in *Bonetti v. Embarq Management Company*:

> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.
>
> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's

> attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Given the procedural posture of the case, the amount of fees and costs appears fair and reasonable.  Additionally, based on the parties' representations, the Undersigned finds that the parties agreed upon the attorney's fees and costs without compromising the amount paid to Plaintiff.

## VI.    Retention of Jurisdiction

As a final note, the parties' joint motion requests that the Court retain jurisdiction to enforce the parties' settlement.  (Doc. 34 at 2, 5).  The parties, however, do not provide any justification for the Court to retain jurisdiction over this case.  Thus, absent a showing of independent jurisdiction or compelling circumstances, the Undersigned is not inclined to recommend that the Court retain jurisdiction.  *See King v. Wells Fargo Home Mortg.*, No. 2:08-cv-307-FtM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009).

## CONCLUSION

Based upon the foregoing, the Undersigned **RESPECTFULLY**

**RECOMMENDS** that:

1.      The parties' Joint Motion for Judicial Approval of the Parties'

Settlement Agreement, and for Dismissal with Prejudice (Doc. 34) be

**DENIED without prejudice**.

2.      The parties be ordered to elect one of the following options by an

appropriate deadline to be selected by the presiding United States

District Judge:

a.  File an amended joint motion to approve a settlement agreement

that adequately addresses the issues identified herein and file a

fully executed settlement agreement that is binding on relevant

parties if approved by the Court; or

b.  File a notice of their intent to litigate this action so that this case

may be re-set for a Preliminary Pretrial Conference.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida

on July 6, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties